## KEYTON v. DOWNEY.

[No. 11,858.    Filed April 25, 1924.]

1. LIMITATION OF ACTIONS.—*Fraud in Procuring Conveyance.—Undue Influence Does Not Extend Time.—Statute.*—Section 294 Burns 1914, §292 R. S. 1881, provides that an action for relief against fraud must be commenced within six years after the cause of action accrued and not afterward, and an action by the grantor's heir to set aside a deed on the ground of fraud and undue influence of the grantee, brought more than six years after the execution of the deed was barred by the statute of limitations although the grantee continued to exercise undue influence over the grantor until his death, as undue influence is not a "legal disability" that extends the period of limitation.    p. 432.

2. LIMITATION OF ACTIONS.—*"Legal Disabilities."—"Undue Influence" Not Included.—Statute.*—Section 298 Burns 1914, §296 R. S. 1881, provides that a person under "legal disability" may prosecute his action within two years after the disability is removed, and §1356 Burns 1914, §1295 R. S. 1881, defines the term "under legal disability", but the definition does not include a person dominated by the undue influence of another. p. 432.

From Marion Superior Court (A16,662) ; *Clinton H. Givan,* Judge.

Action by Ruth S. Downey against Dora D. Keyton. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Carey & Fox,* for appellant.

*Richard M. Coleman* and *James D. Ermston,* for appellee.

NICHOLS, J.—Action by appellee against appellant to set aside a deed to certain real estate in Marion County, executed by appellee's father to appellant, on the grounds of fraud, undue influence and want of consideration in procuring the same.

To the complaint there was an answer in denial and a second paragraph of the statute of limitations, to which there was a reply in denial.

The deed in controversy was executed on September 16, 1911, and thereafter the property so conveyed was occupied by appellees' father and appellant until his death, which occurred February 13, 1922.

This action was commenced by appellee on May 20, 1922. It does not appear that there was any action of any kind prior to that date either by appellee or her father, the grantor in the deed here involved. With these undisputed facts before us, we only need to decide as to whether the action to set aside the conveyance as fraudulent was brought within the time limited by the statute. Section 294 Burns 1914, §292 R. S. 1881, provides that actions for relief against frauds shall be commenced within six years after the cause of action has accrued and not afterward. Section 298 Burns 1914, §296 R. S. 1881, provides that any person being under legal disability when the cause of action accrues may bring his action within two years after the disability is removed. Section 1356 Burns 1914, §1295 R. S. 1881, provides that "The phrase 'under legal disabilities' includes persons within the age of twenty-one years, or of unsound mind or imprisoned in the state prison, or out of the United States." Appellee contends that the statute of limitations in this case did not begin to run until after the death of her father for the reason that appellant exerted an undue influence over him from the time of the execution of the deed until his death. But her contention cannot prevail. The court instructed the jury that the statute of limitations did not begin to run until the undue influence, if any, on the part of appellant ceased to dominate the actions of appellee's father, the grantor in the deed, and that if the jury should find that such undue influence continued until the time of her death, the statute of limitations did not begin to run until the happening of that event. This instruction is erroneous. It will be observed that the statute

above quoted defining the phrase "under legal disabilities" does not include persons who are dominated by any undue influence of another.

In *Makepeace* v. *Bronnenberg* (1896), 146 Ind. 243, it was held that a person who was under guardianship because of being an habitual drunkard was not "under legal disability" as that phrase is defined by the statute. The Supreme Court, in that case, did not undertake to extend the statute to include disabilities other than those mentioned therein nor can this court do so. Under the statute, a person under undue influence is not under a legal disability that will stop the running of the statute. Such being the case, the statute began to run at the time of the execution of the deed, to wit: September 16, 1911, and after six years from that date, an action by appellee's father to set aside the deed as fraudulently obtained would have been subject to the defense of the statute of limitations. Appellee's rights are no greater than her ancestor's. Her action commenced after six years from the date of the execution of the deed is subject to appellant's defense of the statute of limitations. Having reached this conclusion, we do not need to decide as to other alleged errors of the trial court.

The judgment is reversed.